UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | | |
|---|---|---|
| B.G. *ex rel.* ESTATE OF D.R., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 3:25-cv-00060-GFVT |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | **&** |
| FRANK BISIGNANO, *Commissioner of SSA*, | ) | **ORDER** |
| | ) | |
| | ) | |
| Defendant. | ) | |

*** *** *** ***

Plaintiff seeks judicial review of an administrative decision denying her claim for disability insurance benefits. B.G. brings this action on behalf of her deceased son, D.R., pursuant to 42 U.S.C. § 405(g), alleging error on the part of the administrative law judge who considered the matter.[1] The Court, having reviewed the record and for the reasons set forth herein, will **DENY** the Plaintiff's Motion for Summary Judgment [R. 6] and **GRANT** the Commissioner's [R. 10].

**I**

D.R. applied for disability insurance benefits on September 30, 2022, claiming disability since February 19, 2020, due to nine strokes, diabetes, neuropathy, arthritis, and carpal tunnel. [R. 5-1 at 23]. The Social Security Administration denied D.R.'s claim initially on March 10, 2023, and upon reconsideration on January 10, 2024. [*Id.*] D.R. had a hearing with Administrative Law Judge Greg Holsclaw, via telephone, on July 24, 2024, which again resulted in a denial of D.R.'s claim for benefits on December 23, 2024.[2] Tragically, D.R. died on August

---

[1] The initials of the substituted claimant and the deceased applicant are used in lieu of their names to protect the applicant's sensitive medical information contained throughout the Memorandum Opinion and Order.
[2] D.R. was unable to testify at this hearing. B.G. testified in his staid. [R. 5-1 at 23].

18, 2024, after the hearing but before the issuance of the decision. B.G. then became a substitute party to the claim. The Appeals Council denied B.G.'s request for a review of the ALJ's decision, which led her to file the instant Complaint with this Court, seeking review under 42 U.S.C. § 405(g). Both parties have now filed motions for summary judgment which are ripe for review. [R. 6; R. 10].

**II**

To evaluate a claim of disability for disability insurance benefits, the ALJ conducts a five-step analysis. *See* 20 C.F.R. § 416.920. If at any step the ALJ can find that the claimant is disabled or not disabled, the analysis stops. *Id.* § 404.1520(a)(4). First, if a claimant is performing substantial gainful activity, he is not disabled. *Id.* § 404.1520(a)(4)(i). Second, if a claimant does not have a severe impairment or combination of impairment or combination of impairments, he is not disabled. *Id.* § 404.1520(ii). Third, if a claimant's impairments meet or equal one of the impairments listed in 20 C.F.R. Part 303, Subpart P, Appendix 1, he is disabled. *Id.* §§ 404.1520(a)(4)(iii), (d).

Before moving on to the fourth step, the ALJ must use all the relevant evidence in the record to determine the claimant's residual functional capacity, which assesses his ability to perform certain physical and mental work activities on a sustained basis despite any impairment. *See id.* C.F.R. §§ 404.1520(e), 404.1545. Under the fourth step, an ALJ uses a claimant's RFC to determine whether he is still able to do his past work. *Id.* § 404.1520(a)(4)(iv). If so, he is not disabled. *Id.*

Finally, if an ALJ assesses a claimant's RFC in conjunction with his age, education, and work experience and finds that the claimant cannot adjust to perform other jobs available in significant numbers in the national economy, the claimant is disabled. *See id.* §§ 404.1520(g),

2

404.1560(c). Through step four of the analysis, "the claimant bears the burden of proving the existence and severity of limitations caused by [his] impairments and the fact that [he] is precluded from performing [his] past relevant work." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003).

## A

The ALJ completed the requisite five-step analysis to determine D.R.'s disability status. He first determined that D.R. had not engaged in substantial activity after the alleged onset date. [R. 5-1 at 26]. Next, the ALJ found that D.R. suffered from the following severe impairments: status post recurrent transient ischemic attacks/cerebral vascular accidents/strokes with hypertension, carpal tunnel syndrome, diabetes with neuropathy, degeneration/arthritis of the right shoulder, left hip and left knee, depression, and anxiety. [*Id.*] But at step three, the ALJ found that prior to April 14, 2024, the claimant did not have an impairment or combination of impairments that "met or medically equaled the severity of one of the listed impairments in 20 CFR Part 4, Subpart P, Appendix 1[.]" [*Id.* at 27].

Before proceeding to step four, the ALJ fashioned D.R.'s RFC. *See* 20 C.F.R. 404.1520(e). After considering the record, the ALJ determined that:

> the claimant had the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) except no lifting/carrying more than 10 pounds occasionally; no standing/walking more than two hours out of an eight-hour day; no sitting more than six hours out of an eight-hour day; can do unlimited pushing/pulling up to the exertional limitations; no more than frequent balancing, no more than occasional stooping, kneeling, crouching, crawling or climbing ramps or stairs, but no climbing ladders, ropes or scaffolds; no work that requires more than frequent reaching overhead, no work that requires more than frequent handling or fingering bilaterally; no work in areas of concentrated heat or cold; no work in areas of concentrated full body vibration or use of vibrating hand tools; no work around dangerous, moving machinery or unprotected heights; can understand,

> remember and carry out simple instructions; no more than occasional interaction with co-workers, supervisors, and the general public; and no more than occasional changes in the workplace setting.

[R. 5-1 at 29]. The ALJ found that D.R. "was capable of making a successful adjustment to other work that existed in significant numbers in the national economy" prior to April 14, 2024. [*Id.* at 34].

The ALJ found, however, that D.R. became disabled after April 14, 2024, and continued to be disabled through the date of his death, August 18, 2024.[3] [*Id.* at 35]. The ALJ ultimately found that D.R. was not entitled to disability insurance benefits:

> Per DI 10105.070, with certain exceptions not relevant here, before entitlement to DIB can begin, the number holder must have served a waiting period consisting of 5 full calendar months. As the claimant here died in the 4th month of the waiting period, he never served the 5-month waiting requirement. Accordingly, he is not entitled to disability insurance benefits.

[*Id.*] (citing SSA POMS DI 10105.070). The ALJ's decision became the Commissioner's final decision after the Appeals Council denied B.G.'s request for review.

**B**

The Court's review of the ALJ's determination is limited to whether there is substantial evidence in the record to support the ALJ's decision. 42 U.S.C. § 405(g); *Wright v. Massanari*, 321 F.3d 611, 614 (6th Cir. 2003). "Substantial evidence" is said to be "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). The

---

[3] On April 18, 2024, D.R. was admitted to the hospital for a heart attack. [R. 5-1 at 35]. His condition deteriorated rapidly and doctors placed him on a ventilator. He was totally bedridden, could not walk or talk, and required a tracheostomy and dialysis twice per week. At the time of his death, D.R. resided in a long-term care facility.

substantial evidence standard "presupposes that there is a zone of choice within which [administrative] decision makers can go either way, without interference by the courts." *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (quoting *Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984)).

To decide whether substantial evidence exists, courts must examine the record as a whole. *Cutlip*, 25 F.3d at 286 (citing *Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983)). A reviewing court may not make factual findings de novo, resolve conflicts in the evidence, or make credibility determinations. *Ulman v. Comm'r of Soc. Sec.*, 693 F.3d 709, 713 (6th Cir. 2012). Rather, if the Commissioner's decision is supported by substantial, legitimate evidence, it must be affirmed even if the reviewing court would decide the matter differently, and even if substantial evidence also supports the opposite conclusion. *Id.* at 714. The Commissioner's decision, however, will not be upheld if "the Social Security Administration failed to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right," even where substantial evidence supports it. *Sorrell v. Comm'r of Soc. Sec.*, 656 F. App'x 162, 168 (6th Cir. 2016) (citing *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

The plaintiff characterizes her argument as not challenging whether the decision is supported by substantial evidence on the record as a whole, but rather that the ALJ committed legal error when he found a severe impairment but then failed to accommodate that severe impairment by limiting D.R.'s ability to perform basic work-related activities in the RFC. [R. 11 at 1]. Plaintiff points to the fact that agency regulations require the ALJ to assess mental impairments under the "psychiatric review technique." [R. 6 at 2–3] (citing 20 C.F.R. § 404.1520a). When evaluating a claimant's mental impairments at steps two and three of the

5

sequential analysis, the regulations require the ALJ to follow the PRT. Using the PRT, an ALJ must "rate the degree of functional limitation resulting from a claimant's mental impairment(s) by reference to four functional areas: [1] an individual's ability to understand, remember, and apply information; [2] interact with others; [3] concentrate, persist, and maintain pace; and [4] adapt or manage oneself." *Tony F. v. Comm'r of Soc. Sec.*, No. 3:25-CV-00038-CHL, 2026 U.S. Dist. LEXIS 60388, at *11 (W.D. Ky. Mar. 23, 2026) (citation modified). Courts refer to these four areas as the "paragraph B criteria" because "they parallel the criteria of Paragraph B of the adult mental disorder listings." *Id.*

Here, the ALJ performed the PRT by reviewing the Paragraph B factors. [R. 5-1 at 28–29]. Addressing the four paragraph B criteria, the ALJ found that D.R. had a mild limitation in (1) understanding, remembering, or applying information and similarly found that he had moderate limitations in (2) interacting with others, (3) concentrating, persisting, or maintaining pace, and (3) adapting or managing himself. [*Id.*]

Plaintiff's argument, broadly, is that the ALJ's finding of depression and anxiety as "severe impairments" is inconsistent with the RFC which contained only moderate limitations on concentrating, persisting, or maintaining pace. [R. 6 at 5]. Specifically, Plaintiff argues that "[g]iven the ALJ's step 2 mental severity findings and PRT findings, he should have found that [B.R.]'s capacity to perform simple tasks was limited to some degree." [*Id.* at 6]. The Commissioner, in response, argues that Plaintiff raises a sufficiency of the evidence argument and that the Court should affirm the ALJ's decision because it sufficiently explained how the evidence supported the RFC restrictions. [R. 10 at 7].

## C

The Court agrees with the Commissioner that this is a dispute over the sufficiency of the evidence. The Sixth Circuit addressed a similar "inconsistent findings" argument in *Wood v. Comm'r of Soc. Sec.*, No. 19-1560, 2020 U.S. App. LEXIS 3157 (6th Cir. Jan. 31, 2020). In *Wood*, the plaintiff raised the argument that the ALJ's decision "was internally inconsistent because she found limited concentration, persistence, and pace in step three of her analysis but later found no limiting pace or persistence in her findings related to Wood's residual functional capacity." *Id.* at *2. The Sixth Circuit noted that the plaintiff "essentially challenge[d] the ALJ's assessment of her capacity at step four of the analysis" and clarified that "an ALJ does not necessarily err by finding moderate limitations at step three but excluding those limitations in a [RFC] analysis at steps four and five." *Id.* at *7–8. The Sixth Circuit agreed with the district court that substantial evidence supported the ALJ's findings. *Id.* at *11. Other courts throughout the Sixth Circuit agree that an ALJ does not err by not including paragraph B mild or moderate limitations findings in the RFC analysis. *See, e.g., Wright v. Comm'r of Soc. Sec.*, No. 1:19-cv-779, 2021 U.S. Dist. LEXIS 52908, at *17–19 (W.D. Mich. Mar. 22, 2021) (finding that ALJ did not err by excluding moderate "concentration, persistence or pace" step 3 findings in the RFC); *Jimmy O. v. Comm'r of Soc. Sec.*, No. 1:24-cv-00571, 2025 U.S. Dist. LEXIS 101559, at *7–10 (W.D. Mich. May 12, 2025) (rejecting plaintiff's argument that the ALJ was required to include mental limitations in the RFC due to mild limitations found during the PRT); *Cantrell v. Colvin*, Civil Action No. 3:13-0235, 2015 U.S. Dist. LEXIS 29728, at *26–33,  (M.D. Tenn. Feb. 11, 2015) (rejecting plaintiff's argument that ALJ's failure to include moderate social functioning limitations in the RFC assessment constituted a fatal inconsistency).

7

The Court must evaluate whether the ALJ evaluated the relevant medical and other evidence in fashioning the RFC, which is "the maximum degree to which the individual retains the capacity for sustained performance of the physical-mental requirements of jobs." *Wood*, 2020 U.S. App. LEXIS 3157 at *8 (citing 20 C.F.R. pt. 404, app. 2, § 200.00(c)). The ALJ did so in this case, thoroughly documenting the claimed psychological impairments and the relevant medical evidence and concluding that "the overall impression of the evidence is that the claimant improved with treatment, but not to an extent that he had moderate limitations on maintaining concentration, persistence and pace, as well as social functioning and his ability to mange himself, despite treatment including counseling and medication." [R. 5-1 at 32]. This finding is substantially supported by the evidence, including that evaluated when the ALJ reviewed the paragraph B factors.

The ALJ found that D.R. could sustain attention when not in pain, could sometimes follow instructions and finish what he started, and that his attention to task and concentration was fair. [*Id.* at 28]. The ALJ noted that the claimant had "psychological impairments that caused more than a minimal impact on his ability to do work-related mental activities," [*id.* at 32], and fashioned the RFC to reflect these limitations, finding that D.R. had the residual functional capacity to perform sedentary work but with limitations on "no more than occasional interactions with co-workers, supervisors, and the general public" and "no more than occasional changes in the workplace setting." [*Id.* at 29]. The ALJ included detailed discussion of D.R.'s mental health treatment, which included treatment for depression, a failed trial of Zoloft, and weekly counseling. [*Id.* at 32]. Ultimately, the Court is convinced that the RFC and decision falls within the permissible "zone of choice" afforded to ALJs. *Mullen*, 800 F.2d at 548. "Because the ALJ cited substantial, legitimate evidence to support his factual conclusion, [the court] cannot second-

guess his finding[.]" *Masterson v. Comm'r of Soc. Sec.*, No. 24-5512, 2025 U.S. App. LEXIS 2135, at *5 (6th Cir. Jan. 28, 2025) (citation modified).

## III

Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** as follows:

1. The Plaintiff's Motion for Summary Judgment **[R. 6]** is **DENIED**

2. The Commissioner's Motion for Summary Judgment **[R. 10]** is **GRANTED**.

3. Judgment in favor of the Commissioner will be entered contemporaneously herewith.

This 4th day of June, 2026.

Gregory F. Van Tatenhove
United States District Judge